## WILLIAM PETERS *vs.* THOMAS A. CUNNINGHAM, Garn. of PERRY and BRIGHAM.

A deed of trust for the benefit of creditors was admitted to be *void*, and an attachment upon a judgment recovered by a creditor against the grantors was laid in the hands of the trustee, as garnishee, who was also a *creditor* of the grantors to an amount *exceeding* that of the fund in his hands, derived from the property conveyed by the deed. HELD, that the garnishee had a right to *set-off* his own claim against the fund so in his hands.

APPEAL from the Court of Common Pleas.

This was an *attachment*, issued at the instance of the appellant, upon a judgment for $440.13, recovered by him in the Court of Common Pleas, against Perry and Brigham, and laid in the hands of the appellee, as garnishee, who appeared and pleaded *nul tiel record* and *nulla bona*. The first plea was decided by the court in favor of the plaintiff; upon the second issue was joined, and the case tried before a jury.

Peters *vs.* Cunningham, Garn. of Perry & Brigham.

*1st Exception.* Interrogatories had been filed by the plaintiff, under the act of 1795, ch. 56, sec. 5, and answered by the garnishee. The *fifth* of these was: "Have said Perry and Brigham, or either of them, at any time, executed any deed to you? if yea, please file the same, or a certified copy thereof, and a statement of the quantity, quality and value of any property, goods, chattels or effects, you had when the attachment in this cause was laid in your hands, or have since had or held by virtue of said deed?" To this the garnishee answered, that on the 3rd of July 1852, Perry and Brigham executed and delivered to him a deed, which is filed; that in part execution of the trusts of this deed he has converted the property thereby conveyed into money, and received therefrom $872.66; [and he further says, that creditors of Perry and Brigham, holding claims to a much larger amount than this sum, have validly, and within the time specified in that behalf in the deed, assented to the provisions thereof, and executed and delivered to Perry and Brigham full and final releases; and he further says, that at the time this deed was executed, and at the time of this attachment, and of filing this answer, said Perry and Brigham, as partners, were indebted to respondent in the sum of $1125.70, and that Perry, individually, was then, and is now, indebted to him in the sum of $993, and in case said deed shall be invalid, respondent claims to hold the sum so in his hands in satisfaction, *pro tanto,* of these claims, or otherwise to set-off thereto his claim against them as partners.] The plaintiff, having established his judgment by the record thereof, read the above interrogatory and the other part of the answer thereto, but asked the court to strike out that portion thereof included in the brackets, and insisted that the garnishee should not read it to the jury, upon the ground that it was irresponsive, and especially objected to that part referring to certain written releases, in regard to which he insisted parol proof could not be given, but the releases should be produced. The court, (MARSHALL, J.,) overruled this objection, and permitted the garnishee to read the whole answer as evidence in the cause. To this ruling the plaintiff excepted.

*2nd Exception.* It was then admitted that the deed of trust

referred to was fraudulent in law and void. The plaintiff then asked the court to instruct the jury, that if they find from the proof that the garnishee had received, as of the property of the grantors, under said deed of trust, and had in his hands as the proceeds thereof, at the time this attachment issued, a sum larger than the plaintiff's claim, as stated in his answers, and also that releases had been executed, as likewise therein stated, by others, creditors of Perry and Brigham, and also believed all the statements in said answers, the garnishee had no right to set-off or recoup any demand of his own against Perry, or Perry and Brigham, as he claimed the right to do under his fifth answer, or to make defence in his own individual right and adversely to the terms of said deed of trust, as against the plaintiff's attachment. This instruction the court refused to give, and the plaintiff excepted, and the verdict and judgment being against him, appealed.

The garnishee also took exceptions to the ruling of the court upon his motion to quash the writ, and allowing it to be amended, and the original docket entries of the plaintiff's judgment against Perry and Brigham to be corrected, but they need not be stated, nor the argument upon them given, as no decision thereon was made by the appellate court. The deed referred to was void, because it distributed the proceeds of the property to the *assenting* creditors only, and gave the surplus to the grantors.

The cause was argued before L.E Grand, C. J., Eccleston, Tuck and Bartol, J.

*T. Yates Walsh* for the appellant, stated, that since the decision in *Devries vs. Buchanan, Ante,* 210, he would not press the point raised upon the *first exception,* further than to insist, that the statement in the answer in relation to written releases, was not evidence to go to the jury, because, being *parol,* it was not proof of writings which were by it stated to be in existence, and which ought to have been produced, (1 *Greenlf. on Ev., sec.* 87,) and then argued, that the court erred in refusing the appellant's prayer in the second exception, because:

1st. The deed of trust, though void as against non-assenting creditors, was good as to the parties to it, and those who assented to its provisions, and the garnishee, who was a party to it, was bound by the trusts of the deed, and bound to hold and treat the money in his hands as the property of the grantors, and had no right to claim the fund as his own.

2nd. That such an appropriation would be a fraud upon assenting creditors, and on the grantors.

3rd. That the deed was, in law, a fraud upon the appellant, and the garnishee being a party to the fraud, is entitled to no defence or set-off against the appellant, a party intended to be defrauded.

4th. That no man can, by law, gain any advantage from his own unlawful act. The garnishee being a party to the fraudulent deed, was guilty of a fraud, in law, and if he is permitted to apply to his own use the money he has obtained by reason of being a party to, and acting under, such fraudulent deed, and which, without such participation in a fraudulent act, he could not have obtained, he does gain an advantage from his own wrong.

In support of these positions, see *Cro. Jac.*, 270, *Hawes vs. Leader.* 2 *Barn. & Ald.*, 367, *Roberts vs. Roberts.* 9 *Barn. & Cress.*, 532, *Jones vs. Yates.* 1 *Blackf.*, 262, *Findley vs. Cooley.* 5 *Binney.*, 109, *Reichart vs. Castator.* 3 *Watts*, 230, *McKee vs. Gilchrist.* 7 *Johns.*, 161, *Osborne vs. Moss.* 16 *Do.*, 189, *Jackson vs. Garnsey.* 1 *Cow.*, 622, *Jackson vs. Cadwell.* 5 *Do.*, 547, *Mackie vs. Cairns.* 18 *Maine*, 231, *Nichols vs. Patten.* 4 *Mass.*, 355, *Drinkwater vs. Drinkwater.* 3 *Mason*, 378, *Randall vs. Phillips.* 17 *Conn.*, 492, *Owen vs. Dixon.* 15 *Ohio*, 428, *Barton vs. Morris.* 8 *Porter*, 351, *Rochelle vs. Harrison.* 14 *Ala.*, 557, *Tatum vs. Hunter.* 2 *H. & G.*, 261, *Strike vs. McDonald.* 6 *Gill*, 40, *Freeman vs. Sedwick.* 8 *Do.*, 501, *Kettlewell vs. Stewart.* 3 *Md. Rep.*, 11, *Green vs. Trieber.* *Ibid.*, 40, *Sangston vs. Gaither.* 5 *Do.*, 44, *Cushwa vs. Cushwa.*

*Wm. Schley* for the appellee, argued: That upon the hypothesis, that the deed was void, and that the money in the

hands of the garnishee was the money of the defendants, (Perry and Brigham,) the garnishee was entitled to retain it as *against the defendants*, and, therefore, as against the attaching creditor. It sustained the plea of *nulla bona*. The garnishee, *as between the plaintiff and him,* upon the issue joined, is not estopped from claiming against the deed, notwithstanding his acceptance of the trust. Estoppels must be mutual; and as the attachment is based on the hypothesis of the invalidity of the deed, the plaintiff cannot insist, *as against the defendant*, that the latter is precluded from treating it accordingly. As between the garnishee and *creditors claiming under the deed*, a different rule may apply.

LE GRAND, C. J., delivered the opinion of this court.

We do not consider it necessary to decide all the questions pronounced upon by the court below, because, in any aspect of the case, we think the judgment ought to stand.

The case is simply this: The plaintiff established his claim against the defendants; and, also, that the garnishee, by a deed of trust executed to him by the defendants, came into the possession of the proceeds of the sales of certain property. The deed is admitted to be void, therefore, the only question practically of importance involved in this controversy is: whether the plaintiff be entitled to a condemnation in the hands of the garnishee of the fund, the garnishee having a claim against the defendants to a greater amount than the fund? It is not denied, that if the garnishee had obtained possession of the fund in the ordinary course of trade, and not by virtue of the deed of trust, that under the facts disclosed in the record, the plaintiff would not be entitled to a condemnation; but, it is insisted, that inasmuch as the acquisition was had through the instrumentality of the deed, he cannot claim to hold the fund against the plaintiff, for, although the deed be void as against the creditors, it is nevertheless binding on the garnishee as a party to it. This suggestion is more plausible than sound, and not at all available for the purpose for which it has been made in this case. The fund came into the hands of the garnishee for specified purposes, none of which included an appropriation

of any part of it to the payment of the claim of the plaintiff, unless he should release as the deed provided. This he did not do, and therefore cannot be entitled to a preference over the garnishee, who, like himself, is a creditor of the defendants. If the deed were not void, the plaintiff could have no standing in court, but being confessedly void, the garnishee can only be considered a debtor of the defendants, to the amount of the fund against which he has the right to set-off his own claim. We think the court properly overruled the objection to a portion of the testimony in response to the fifth interrogatory. See *Devries, et al., vs. Buchanan, et al., Ante,* 210. In relation to the objection, that the best evidence of the existence of releases had not been furnished, it may be remarked, that it is a question wholly immaterial, inasmuch as the establishment or non-establishment of the fact, could not rightfully influence the decision of the case.

*Judgment affirmed.*